In the Matter of ALEXANDER KARLIN, an Attorney.

First Department, May 29, 1930.

*Isidor J. Kresel,* for the petitioners.

*Abraham Tulin,* for the respondent.

DOWLING, P. J. Respondent was admitted to practice as an attorney and counselor at law in the State of New York at a term of the Supreme Court of the State of New York, Appellate Division, First Department, on July 2, 1903.

This is one of the disciplinary proceedings resulting from the Ambulance Chasing Investigation. The petition charged that respondent was guilty of misconduct as an attorney at law in the improper solicitation of retainers from persons sustaining personal injuries, with specific instances of solicitation alleged. The matter is now before the court on a motion to confirm the report of the referee to whom the matter had been referred to take testimony on the charges and to report the same with his opinion to this court. The learned referee states in his report that the original suggestions of the retainers and the initiation thereof came not from respondent but from third parties, with one or two exceptions to which he makes reference in his consideration of the cases presented and as to which he also holds the respondent blameless. He has found that the charges have not been sustained and recommends the dismissal of all of them. The petitioners have made no objection to the confirmation of his report.

During the course of the Ambulance Chasing Investigation respondent was called to testify before Mr. Justice WASSERVOGEL. He refused to be sworn or to testify. Upon his persisting in that refusal the court adjudged him in contempt and committed him to jail until he should submit to be sworn and examined. A petition for his release upon habeas corpus was dismissed. Both orders, the one adjudging him in contempt and the other dismissing the

writ, were affirmed by this court (*People ex rel. Karlin* v. *Culkin*, 223 App. Div. 822), and by the Court of Appeals (248 N. Y. 465). Thereafter respondent submitted to examination, whereupon Mr. Justice WASSERVOGEL declared him purged of his contempt and ordered him discharged from custody.

Nothing in the record now before us discloses any reason for his original defiance of the power of this court, or of the jurisdiction of the justice assigned by it to conduct the investigation, and whatever fears he may have entertained as to its outcome so far as he was concerned were evidently without justification. The report of the referee should be confirmed and the proceeding dismissed.

MERRELL, FINCH, McAVOY and SHERMAN, JJ., concur.

Proceeding dismissed.